SHERWIN KANTROVITZ *vs.* THE ACADEMY OF PHYSICAL AND SOCIAL DEVELOPMENT CORPORATION & another.[1] May 10, 1976. This is an appeal from a dismissal of an action under G. L. c. 93A, granted as to both defendants pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to state a claim on which relief could be granted. The plaintiff's complaint alleges the following facts which we accept as true for purposes of ruling on the motion to dismiss. In April or May, 1971, the plaintiff and his wife enrolled their son in the Academy, which is advertised as a gymnasium school designed to assist in the emotional, social and physical development of children. As part of the program, one or both of the children's parents are required to attend conferences with the child's counselor. During conferences with the plaintiff's wife, defendant Karlin, the son's counselor, elicited information as to the parents' marital and sexual problems on the representation that such information was necessary to her son's participation in the program at the Academy. After two such conferences, Karlin commenced an illicit sexual relationship with the plaintiff's wife, representing to her that the relationship would be of benefit to her in her participation in the program. Starting in February, 1972, the plaintiff, not knowing of this relationship, attended conferences with his wife at which the plaintiff, at Karlin's request, disclosed intimate information about his marriage in the belief that such information was necessary to the goal of providing a better home environment for the son. The plaintiff alleges that the information which he revealed was not used to provide those services advertised by the Academy, but rather that Karlin was, in his position as an employee and agent of the Academy, obtaining this information so as to enable him to continue the illicit affair with the plaintiff's wife. Although we do not condone Karlin's alleged unscrupulous actions, we believe that the facts as alleged do not constitute an "unfair or deceptive act or practice" within the meaning of G. L. c. 93A, § 2 (a). There is no allegation that the underlying purpose of the contract was frustrated by Karlin's actions or that the son did not receive those services which had been bargained for. Rather, it appears the harm alleged was incidental or extraneous to the services rendered. Moreover, we do not think that G. L. c. 93A should be so used as to translate what is in essence a harm to the marital relationship into a consumer harm. In light of our conclusion that the

[1] Martin Karlin.

plaintiff has failed to state a cause of action under c. 93A against either the Academy or Karlin, we need not reach the other issues raised.

*Judgment affirmed.*

*Jeffrey J. Binder* for the plaintiff.
*Bernard A. Dwork* for the defendants.